# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS
OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR
CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN
UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A
COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG
WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO
THE ACTION.

# Supreme Court of Kentucky

2025-SC-0445-D
(2023-CA-1446, 2024-CA-0572)

MEREDITH LAWRENCE, ET AL.                               MOVANTS

GALLATIN CIRCUIT COURT
V.                                    14-CI-00055

BINGHAM GREENEBAUM DOLL, LLP,                          RESPONDENT
RENAMED DENTONS BINGHAM
GREENEBAUM, LLP

## OPINION AND ORDER

This Court granted discretionary review to consider Lawrence's claim that the Court of Appeals improperly restricted his ability to file future appeals. Upon review, we vacate the final three paragraphs of the Court of Appeals' September 12, 2025 Order.

In its September 12, 2025 Order (hereinafter "Sanctions Order"), the Court of Appeals considered Bingham Greenebaum Doll's motion for RAP 11 sanctions against Lawrence. BGD argued that Lawrence's appeals were frivolous because they sought to relitigate the validity of BGD's mortgage, which was finally adjudicated in *Bingham Greenebaum Doll LLP v. Cut-N-Shoot*

*LLC*.[1] The appellate panel agreed with BGD's contention that Lawrence's appeals were frivolous and ordered Lawrence to pay the costs and attorney's fees that BGD incurred on appeal, $11,010.50.

Although BGD requested no other relief, the Court of Appeals *sua sponte* proceeded to enter orders restricting Lawrence's ability to file future appeals. In the final three paragraphs of the Sanctions Order, the Court of Appeals adopted a process for reviewing Lawrence's future appeals. That review process: (1) enjoins Lawrence from filing appeals from Kenton Circuit Case No. 13-CI-01620 or any related cases litigating the same issues that have been addressed in prior appeals; (2) tasks the Clerk of the Court of Appeals with reviewing Lawrence's new appeals; and (3) instructs the Clerk to reject Lawrence's new appeals without filing them if they violate the injunction's terms. Although Lawrence does not provide detailed arguments, he asserts that the appellate court's review process violates his right to appeal, right to access the courts, and the Kentucky Rules of Appellate Procedure. We agree.

Members of this Court have previously expressed doubts regarding the legality of filing restrictions. In *Lee v. George*, this Court considered a *pro se* litigant's claim that the trial court improperly required him to pay a $7,500 bond before filing future motions in his divorce case.[2] The majority of this Court found that the litigant failed to clearly seek relief from the bond

---

[1] 2020-CA-1131-MR, 2022 WL 4587681 (Ky. App. Sept. 30, 2022).

[2] 369 S.W.3d 29, 35 (Ky. 2012).

requirement in his writ petition; therefore, it declined to decide whether the bond was proper.[3] In a concurring opinion, Justice Noble agreed with the majority's result but raised concerns about filing restrictions.[4] She wrote:

> The question then would be whether this type of bond is an "appropriate sanction" available to Kentucky courts to be used against *pro se* litigants. Under CR 11, by signing a document filed with the court, a party affirms that the pleading or motion is grounded in fact and law and that it is not being filed for "any improper purpose," such as harassment, unnecessary delay, or "needless increase in the cost of litigation." The rule applies to both lawyers and self-represented litigants who sign documents filed with the court. If a filing violates this rule, the court "upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an *appropriate sanction*, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." CR 11 (emphasis added). It should be noted, however, that any sanctions are post-filing, not a prior restraint.
>
> The right of access to the courts is fundamental to our system of justice. Section 14 of the Kentucky Constitution provides: "All courts shall be open, and every person for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." This provision has appeared in each of Kentucky's Constitutions. Ky. Const. of 1850, art. XIII, § 15; Ky. Const. of 1799, art. X, § 13; Ky. Const. of 1792, art. XII, § 13. (statements of Robert Rodes).
>
> It appears that a Kentucky appellate court has not addressed the use of a "contempt bond," but in cases about similar restrictions, Kentucky courts have recognized the importance of access to the courts. *See Collins v. Combs*, 320 S.W.3d 669 (Ky.2010) (affirming order prohibiting litigant from physically entering certain courts because of his threatening behavior in the past, but noting that the order did not impede his ability to file pleadings with the court

---

[3] *Id.* at 35-36.

[4] *Id.* at 36-37 (Noble, J. concurring).

because the clerk was directed to accept pleadings by mail, fax, or email); *Lattanzio v. Joyce*, 308 S.W.3d 723, 726–27 (Ky.App.2010) (reversing trial court's order that litigant could only proceed under supervision of a licensed attorney and recognizing importance of right to represent oneself in court).

Because of the fundamental nature of the right of access to the courts, restrictions on a litigant's ability to file motions must be approached with great caution.

. . . .

I recognize that the trial court's order was motivated by its understandable frustration with Appellant's willingness to file repetitive and frivolous motions, with the fact that the $70,000 in attorney fees that had already been awarded to [Appellant's ex-wife] apparently had no effect on Appellant's approach to the litigation, with the negative effects of Appellant's tactics on his children (such as the interruption of their therapy because of Appellant's unfounded complaints against their therapist), and with the waste of the court's and [Appellant's ex-wife]'s resources. But it is important to note that the trial court has the ability to respond to any abuses and to protect the court's resources by using other sanctions under CR 11 and the court's contempt powers. For example, the trial court could find that by filing a new frivolous or repetitious motion, Appellant violated CR 11, and the court could impose a monetary fine and hold the Appellant in contempt if he did not pay it.

It may seem easier and cleaner to prevent Appellant from filing any more motions unless a bond is posted. But the right of litigants to present claims to a court, and the danger of foreclosing a meritorious claim must always be considered. The trial courts are well equipped to deal with frivolous filings without the use of a prospective bond requirement. In this case, for example, it appears that the large majority of Appellant's motions were meritless and could be denied outright by the court. Such motions will not take up much of the court's resources.[5]

---

5 *Id.* at 37-38 (Noble, J. concurring).

We are persuaded by Justice Noble's concurrence and find that filing restrictions generally conflict with the Kentucky Constitution and our procedural rules. Although the instant case involves a different filing restriction—an injunction as opposed to a bond—and a higher court—the Court of Appeals as opposed to a trial court—Justice Noble's reasoning applies with equal force. That is because the Kentucky Constitution protects the right to appeal and the right to access the courts in Sections 115 and 14 respectively. Additionally, the Rules of Appellate Procedure contain an analogue to CR 11—RAP 11. RAP 11 sets forth the parties' obligations to certify that their appeals are filed in good faith and the procedures for dealing with frivolous filings:

**(A) Obligation of Counsel and Self-Represented Parties.**

> (1) . . . . A party who is not represented by an attorney shall sign the party's filing and state the party's address. The signature of an attorney or party constitutes a certification that the signatory has read the filing, that to the best of the signatory's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

> **(B) Frivolous Filings.** An appeal or motion is frivolous if the court finds that it is so totally lacking in merit that it appears to have been taken in bad faith. If an appellate court determines that an appeal or appellate filing is frivolous, it may impose an appropriate sanction, including but not limited to:

> (1) Striking of filings or briefs or portions thereof;

(2) A dismissal of the appeal or denial of the motion;

(3) Awarding just monetary sanctions and single or double costs to the opposing party;

(4) Imposition of fines on counsel of not more than $1,000; and

(5) Such further remedies as are specified in any applicable rule.

While courts "have inherent power to prescribe rules to regulate their proceedings and to facilitate the administration of justice[,]" absent extraordinary circumstances, we believe that courts should avoid imposing filing restrictions to deal with vexatious litigants.[6] Instead, courts should use our existing procedural rules. The review process adopted in the Court of Appeals' Sanctions Order runs afoul of RAP 11(B) in several ways. First, the Order prohibits Lawrence from filing appeals in the Kenton Circuit Case and related cases. Nothing in RAP 11(B) authorizes the prohibition of future appeals as a sanction for prior frivolous appeals. Second, the Sanctions Order tasks the Clerk with evaluating the frivolousness of Lawrence's future appeals. However, the plain language of RAP 11(B) requires the "appellate court" to determine whether an appeal is frivolous. Third and finally, the Sanctions Order requires the Clerk to reject—*without filing*—any appeal by Lawrence from the Kenton Circuit Case and related cases.[7] RAP 11 does not authorize the

---

[6] *Collins v. Combs*, 320 S.W.3d 669, 675 (Ky. 2010).

[7] The pre-filing rejection of Lawrence's appeals could also create review problems. In the event that Lawrence challenged the Court of Appeals decision to reject his appeal, this Court would not have any official record of what Lawrence attempted to file.

Clerk to refuse to file Lawrence's appeals as a sanction for frivolousness. The closest remedy authorized by RAP 11(B) is dismissal, which occurs after filing with an order of the court.

While this Court shares the Court of Appeals' frustration with Lawrence's tactics, we should not allow a difficult litigant to compromise our adherence to the rule of law. Because the Sanction Order's final three paragraphs violate Lawrence's right to appeal, right to access the courts, and RAP 11, those paragraphs are vacated.[8] Importantly, we observe that the Court of Appeals is not without adequate recourse under RAP 11. In 2024-CA-0571, another appeal involving Lawrence and BGD, the Court of Appeals adopted a review process that occurs *after* Lawrence files a new appeal. The process, set out in the appellate court's July 1, 2024 Order, requires the Clerk to present Lawrence's future appeals from Gallatin Circuit Case 23-CI-00123 to a three-judge motion panel. The three-judge panel reviews the notice of appeal and any supporting documents for frivolousness and determines whether the appeal should proceed on the merits or be summarily dismissed. That review process comports with RAP 11 and protects Lawrence's right to appeal and access the courts.

Based on the foregoing, the final three paragraphs of the Court of Appeals' September 12, 2025 Order are vacated.

---

[8] To be entirely clear, the final three paragraphs of the Sanctions Order—beginning with the first full paragraph on page 6 ("And, because this . . . .") and ending with the first full paragraph on page 7 ("These orders shall . . . .")—are vacated. No further proceedings are necessary in the Court of Appeals.

All sitting.  All concur.

ENTERED:  March 11 , 2026.

_____
CHIEF JUSTICE